Below is an Order of the Court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 17-33653-tmb7 |
| ANITA RIVERA COCHRAN, | OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| Debtor. | |

     Debtor in the above-captioned case filed a voluntary chapter 7 petition on September 29, 2017, and received a discharge on March 1, 2018. On April 28, 2018, after reopening the case, Debtor filed a motion for contempt (ECF No. 36), alleging violations of the discharge injunction by Rivermark Community Credit Union ("Rivermark") and We Collect, Inc. d.b.a. Atlas Financial Services ("Atlas"). On August 2, 2018, Rivermark filed a motion for summary judgment (the "Motion," ECF No. 47) pursuant to Federal Rule of Civil Procedure 56 (applicable via Federal Rules of Bankruptcy Procedure 7056 and 9014(c)). I have carefully considered the memoranda submitted by the parties and the accompanying declarations. As explained below, I will deny the Motion for two independent reasons, one factual and one legal.

     To begin, there is a factual problem with Rivermark's Motion. Rivermark proclaims that "the facts establishing Rivermark and Atlas'[s] relationship are undisputed" (Rivermark Reply (ECF No. 56), at 2), but this conclusory statement overstates the quality of the evidence Rivermark has introduced in support of its Motion. The Motion is premised on the allegation

Page 1 – OPINION AND ORDER

that Rivermark assigned Debtor's account to Atlas on March 30, 2017, pursuant to a written "Consumer Assignment Agreement." *See generally* Rivermark's Concise Stmt. of Undisputed Material Facts ("CSF," ECF No. 49) ¶¶ 1, 3. Debtor disputes the accuracy of this factual allegation. *See* Debtor's Resp. to CSF (ECF No. 54) ¶ 1. Although Rivermark has introduced a copy of the purported contract into the record, the contract is dated over ten years prior to the alleged date of assignment, and nowhere does that one-page agreement ever mention Debtor or her account at Rivermark. *See* Decl. of Seth Schaefer (ECF No. 50), Exh. 1. Moreover, contrary to Rivermark's assertions, the contract attached to the Schaefer Declaration does not explain the nature of the relationship between Rivermark and Atlas, nor does it define the scope of Atlas's authority as Rivermark's agent. Instead, the contract simply addresses the division of any proceeds that Atlas manages to collect on account of assigned debts.

Without knowing whether the document relied upon by Rivermark is indeed the operative contract, and without knowing the full terms of the assignment, it is impossible for the court to determine the contours of the relationship between Rivermark and Atlas. Accordingly, there is a genuine dispute as to material issues of fact, thereby making summary judgment inappropriate under Federal Rule of Civil Procedure 56(a).

As a separate and independent matter, the Motion fails due to Rivermark's mistaken interpretation of Oregon law. Rivermark argues that Oregon's law of agency insulates the credit union from liability for the acts of its collection agent because Debtor has failed to "establish that Rivermark had the right to control Atlas'[s] conduct." Rivermark Mem. ISO Motion (ECF No. 48), at 4. This argument is largely based on a haphazard and unpersuasive reading of *Vaughn v. First Transit*, 346 Or. 128. *Vaughn* provides an extensive analysis of the law of agency, but based on the nature of the injury in that case, the court's analysis is focused entirely on liability for *physical* injuries. *See* 346 Or. at 137 ("[A] principal ordinarily is *not* liable in tort for *physical injuries* caused by the actions of its agents who are not employees." (second emphasis added)). Indeed, the *Vaughn* court's analysis is based largely on Restatement (Second) of Agency § 250, a section which is entitled "Non-Liability for *Physical Harm* By Non-Servant Agents" (emphasis added).

Page 2 – OPINION AND ORDER

I conclude that the real relevance of *Vaughn* to the present situation is that it indicates the Oregon Supreme Court is accustomed to consulting the Restatement (Second) when deciding Oregon's law of agency. The most salient section of the Restatement (Second) is not § 250, but rather § 253 ("Tortious Institution or Conduct of Legal Proceedings"), which provides as follows:

> A principal who authorizes a servant or other agent to institute or conduct such legal proceedings as in his judgment are lawful and desirable for the protection of the principal's interests is subject to liability to a person against whom proceedings reasonably adapted to accomplish the principal's purposes are tortiously brought by the agent.

By citing this provision, I do not mean to imply that Rivermark's alleged conduct was an actionable tort; rather, I find that § 253 of the Restatement is a much better analog to the current fact pattern than § 250, which is the foundation of the argument advanced in Rivermark's Motion. In addition, the rule of § 253 is consistent with the general principles governing vicarious liability for non-physical injuries. *See* Restatement (Second) of Agency § 215.

Returning to the facts of this case, Rivermark argues that Atlas did not need or seek Rivermark's specific authority before filing suit against Debtor. Schaefer Decl. ¶ 6. But this is not the relevant question—for purposes of vicarious liability, the question is whether the lawsuit was within the scope of authority granted to Atlas under the parties' contract. This cannot be determined based on the current record, thus making summary judgment inappropriate.

For the reasons stated above, it is hereby ORDERED that the Motion is denied, and the hearing set for September 27, 2018, is terminated.

###

cc: Mark G. Passannante
Kyle W. Schumacher